UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEORDORE LEACH, et al.,<br>　　Plaintiff(s),<br>v.<br>DENNETT INGRAM, et al.,<br>　　Defendant(s). | Case No. 2:22-cv-01809-JAD-NJK<br>**Order**<br>[Docket No. 53] |

Pending before the Court is Defendants' motion to compel discovery. Docket No. 53. Plaintiffs filed a response in opposition. Docket No. 57. Defendants filed a reply. Docket No. 58. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED**.

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The instant dispute concerns an interrogatory and two requests for production seeking discovery as to Plaintiff James Kerrigan's mental incapacity. *See* Docket No. 53 at 16-17. The discovery was served on September 12, 2023, Docket No. 53-2 at ¶ 35; Docket No. 53-4 at 13, so objections were due by October 12, 2023, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Objections

were not served, however, until December 11, 2023. Docket No. 53-2 at ¶ 57. As such, Defendants seek an order striking the untimely objections and compelling the discovery. Docket No. 53 at 22-24. Although Plaintiffs filed a response in opposition to the motion to compel addressing other issues, the opposition brief does not respond in any way to this waiver issue. *See* Docket No. 57. As such, this argument is deemed unopposed and will be granted on that basis. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (collecting cases that "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *see also* Local Rule 7-2(d).[1]

Accordingly, Defendants' motion to compel is **GRANTED**. Fulsome responses must be provided to Interrogatory No. 14 and Requests for Production Nos. 67 and 69 by <u>March 8, 2024</u>. The discovery will be limited to only the medical records and information pertinent to Plaintiff

---

[1] Although Plaintiffs' objections have been waived, the Court would be inclined to grant the motion to compel at any rate. The primary gist of Plaintiffs' relevance argument is that they dispute Defendants' legal theory that Plaintiff James Kerrigan's mental incapacity may render the contract void and, consequently, excuse any breach thereof. *See* Docket No. 57 at 7-8 (discussing *Hernandez v. Banks*, 65 A.3d 59 (D.C. 2013)). Plaintiffs do not cite any controlling law foreclosing Defendants' legal theory, however, and a discovery motion is not a proper vehicle to adjudicate this type of merits-based argument in the guise of a relevance objection. *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 511-13 (D. Nev. 2020). The Court also notes that the proportionality argument brought on this basis is similarly lacking. *See, e.g.*, *Acclaim Lighting, Inc. v. Bruck*, 2018 WL 11409432, at *6 (D. Nev. Apr. 6, 2018). The Court is mindful that the records involve personal medical information, but it also notes that there is a stipulated protective order in place to limit dissemination of that information. *See* Docket No. 19. Moreover and significantly, defense counsel proffered unrebutted representations that Plaintiffs' earlier counsel agreed during the conferral process to provide this discovery, *see, e.g.*, Docket No. 53 at 3, 24; Docket No. 53-2 at ¶ 39, and the Court routinely holds parties to the agreements reached by their counsel during the conferral process, *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 440 (D. Nev. 2023).

James Kerrigan's mental incapacity, as defense counsel proposed during the conferral process. *See, e.g.*, Docket No. 58 at 9.[2]

IT IS SO ORDERED.

Dated: February 16, 2024

                                                Nancy J. Koppe
                                                United States Magistrate Judge

---

[2] Although initial indications were not so hopeful, *see, e.g.*, Docket No. 50, it appears that counsel may be trending toward the direction of cooperation and reasonableness in conducting discovery, *see* Docket No. 53 at 16 (noting discovery compromises reached at meet-and-confer ordered by the Court). The Court will defer ruling on the request for an award of expenses at this juncture. *Cf. Shelbyville Hosp. Corp. v. Mosley*, 2015 WL 13172994, at *2 (E.D. Tenn. July 15, 2015) ("The Court shall defer ruling on Plaintiff's request for attorney's fees pursuant to Rule 37(a)(5)(A), so that the Court may consider how and whether Defendant complies with this Order"); *see also, e.g.*, *Williams v. Swack*, 2016 WL 4626575, at *2 (W.D.N.Y. Sept. 6, 2016) (citing *Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 130 (D. Conn. 2008)) (courts may defer ruling on a Rule 37(a)(5)(A) request for expenses). To be clear, however, failure to comply with this order may result in the imposition of sanctions. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A).