UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE LEACH, et al.,<br>    Plaintiff(s),<br>v.<br>DENNETT INGRAM, et al.,<br>    Defendant(s). | Case No. 2:22-cv-01809-JAD-NJK<br><br>**ORDER**<br>[Docket Nos. 61, 64, 65] |

      The deadline to amend or add parties expired a year ago on April 11, 2023. Docket No. 17. Although other case management deadlines have been amended, that deadline has remained closed. *See* Docket Nos. 23, 35. The discovery cutoff is set to expire on April 5, 2024. Docket No. 35.

      On March 18, 2024, Plaintiffs filed a motion to add a defendant and to amend the complaint. Docket No. 61. That motion recognizes that the scheduling order must be modified as a threshold matter to enable the relief sought and the motion provides one paragraph of discussion on that issue. *See id.* at 5. Although Defendants raise a host of arguments in response to the motion, they do not directly address the standards for modifying the scheduling order to add a party and amend the pleadings at this juncture. *See* Docket No. 63 at 2 (noting in a footnote the months that passed before the motion was filed and the imminent case management deadlines, but failing to address directly the standards for reopening this deadline). In some instance, courts may view the failure of a responsive brief to address an argument that had been raised in a motion as a waiver on that issue, but the Court declines to do so here with respect to the enforcement of its own scheduling order. *Cf. Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022) (quoting *Bonavito v. Nev. Prop. 1 LLC*, 2014 WL 5364077, at *4 (D. Nev. Oct. 21, 2014)).

Accordingly, the Court hereby **ORDERS** Defendants to file a supplement addressing the standards for reopening and extending the expired deadline to amend or add parties,[1] and providing meaningfully developed argument as to whether those standards are met here. Defendants' supplement must be filed by April 5, 2024, and must be no longer than 8 pages. Plaintiffs' reply brief deadline is **EXTENDED** to April 12, 2024.

IT IS SO ORDERED.

Dated: April 2, 2024

                                                                                                                   Nancy J. Koppe
                                                                                                                    United States Magistrate Judge

---

[1] The governing standards are well-established. When a party moves to amend the pleadings or add parties after the expiration of the deadline established in the scheduling order, courts first treat the motion as seeking to amend the scheduling order. Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010). The inquiry also considers whether the movant was prompt in seeking relief from the Court once it became apparent that relief from the scheduling order was needed. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019).

A motion for leave to amend or add parties filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The party seeking amendment bears the burden of establishing excusable neglect. *See id.* (affirming finding of no excusable neglect based upon the movant's failure to provide a sufficient showing).