# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE LEACH, et al.,<br>    Plaintiff(s),<br>v.<br>DENNETT INGRAM, et al.,<br>    Defendant(s). | Case No. 2:22-cv-01809-JAD-NJK<br>**Order**<br>[Docket No. 55] |

Pending before the Court is Defendants' motion to seal and redact. Docket No. 55. Secrecy for judicial filings made in conjunction with non-dispositive matters is warranted upon a showing of good cause. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

## I. SEALING OF 2017 POWER OF ATTORNEY

The pending motion seeks to seal the 2017 power of attorney on the basis that Plaintiffs designated it as confidential pursuant to the protective order. Docket No. 55 at 2-3. Plaintiffs provide no support for secrecy of that document, *see* Docket No. 69, and their counsel has elsewhere filed the document on the public docket, *see* Docket No. 85-1. As a result, the Court **DENIES** the motion to seal this document.

## II. REDACTION OF PRIVATE MEDICAL INFORMATION

The pending motion seeks to redact a deposition transcript concerning James Kerrigan's private medical information. Docket No. 55 at 3. Confidential treatment was sought by Kerrigan's attorney at the time of the deposition. Docket No. 54-2 at 18:21-18:24. Plaintiffs now provide no support for secrecy of that information, *see* Docket No. 69,[1] but United States District Judge Jennifer A. Dorsey has elsewhere decided that Kerrigan's private medical information must be

---

[1] Kerrigan's current counsel of record filed a response that did not appear to understand the nature of the information at issue, indicating that "[t]his is a case about IP address blocks. Plaintiffs believe there is nothing proprietary, confidential, secret[,] or privileged." Docket No. 69 at 2. The response does not recognize that the subject request concerns medical information.

1

kept secret, *see* Docket No. 83 at 9.  In accordance with Judge Dorsey's order, the Court **GRANTS** the motion for redaction as to Exhibit 24.

### III.   ORDER TO SHOW CAUSE

The Court issued an order to show cause in relation to the failure to comply with the Court's orders with respect to the motion to seal.  Docket No. 62.  Kerrigan's current counsel of record (James Pengilly) violated several orders, Docket No. 20 at 2; Docket No. 60 at 1-2, and appears to not fully understand the legal or factual issues currently before the Court on Defendants' motion to seal and to redact, *see* Docket No. 69; *see also* Docket No. 67.[2]  The Court hereby **ADMONISHES** Attorney Pengilly, who must promptly familiarize himself with the governing rules and case law.  Moreover, future failure to comply with the Court's orders may result in the imposition of sanctions, including monetary sanctions imposed on counsel.

### IV.   CONCLUSION

The motion to seal and to redact is **GRANTED** in part and **DENIED** in part.  The Clerk's Office is **INSTRUCTED** to unseal Docket No. 54-1.  The Clerk's Office is **INSTRUCTED** to continue sealing Docket No. 54-2.  Attorney Pengilly is admonished for the reasons stated above, but the order to show cause is otherwise discharged.

IT IS SO ORDERED.

Dated: July 10, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court indicated previously that it would discharge the order to show cause if Attorney Pengilly responded by clearly supporting the confidentiality designations made by Plaintiffs or filing a notice of withdrawal and consent to unsealing. Docket No. 62 at 1.  Attorney Pengilly did neither.  He filed a document with a caption indicating that Plaintiffs were withdrawing designations and consenting to unsealing, Docket No. 69 at 1, but the body of that document includes no similar representation and, instead, indicates that Plaintiffs did not object to any designations or sealing/redaction requests, *id.* at 2.  Hence, despite now having three opportunities to clearly and meaningfully address the motion to seal and to redact that is predicated on Plaintiffs' own confidentiality designations, Attorney Pengilly has still not done so.