1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THEODORE LEACH, et al.,

     Plaintiff(s),

v.

DENNETT INGRAM, et al.,

     Defendant(s).

Case No. 2:22-cv-01809-JAD-NJK

**ORDER**

[Docket Nos. 95, 96, 100]

11      Pending before the Court are the parties' requests for rulings on the amendment-related

12 motions that the Court had previously denied without prejudice.  To that end, Plaintiffs have refiled

13 their motion for leave to amend, Docket No. 100, and Defendants have refiled their motions to

14 strike and for sanctions, Docket Nos. 95, 96.  The motions have been fully briefed and the Court

15 does not require a hearing.  *See* Local Rule 78-1.  For the reasons discussed more fully below, the

16 Court **GRANTS** the motion for leave to amend (Docket No. 100) and **DENIES** the motion to

17 strike (Docket No. 95) and the motion for sanctions (Docket No. 96).[1]

18 **I.    MOTION TO AMEND**

19      The Court begins with the motion for leave to amend, which seeks to add Haxxr as a new

20 defendant.  *See* Docket No. 100-1.  In particular, Plaintiffs seek to add Haxxr as a defendant by

21 changing the caption of the operative pleading and adding the following allegations:

22

23

24

> 7.     Defendant HAXXR PTE. LTD.. [hereinafter "HAXXR"] is a Singapore business entity which at all relevant times hereto an entity formed in Singapore and which may have been doing business in Clark County, Nevada.

25

> 8.     Defendant HAXXR is the sole owner of PTE.

26

27

28

---

[1] The parties are familiar with the facts of the case and the procedural posture, so the Court declines to provide background within this order.  Moreover, any argument not addressed explicitly herein has been rejected to the extent it is inconsistent with the rulings made. *E.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022).

1

       9.     Defendant PTE is the sole owner of HAXXR and WYOMING HOLDINGS.

2   Docket No. 100-1 at 11.  The proposed second amended complaint does not otherwise change the

3   factual allegations or alter the causes of action.

4        A.    Standards

5        When a party moves to amend the pleadings after the expiration of the deadline established

6 in the scheduling order, courts review the motion through a multi-step process.  As a threshold

7 matter, courts treat the motion as seeking to amend the scheduling order.  Such a request implicates

8 the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure.  *Johnson*

9 *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  "Rule 16(b)'s 'good cause'

10 standard primarily considers the diligence of the party seeking the amendment."  *Id.* at 609.  In

11 particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be

12 met despite the diligence of the party seeking the extension."  *Id.*  The diligence inquiry also

13 addresses other pertinent circumstances, including whether the movant was prompt in seeking

14 relief from the Court once it became apparent that relief from the scheduling order was needed.

15 *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage,*

16 *Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)).  Although prejudice to the opposing party

17 may also be considered, the focus of the inquiry is on the movant's reasons for seeking

18 modification.  *Johnson*, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end."

19 *Id.*  The party seeking amendment bears the burden of establishing diligence.  *See Singer v. Las*

20 *Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019); *see also Morgal v. Maricopa*

21 *County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

22        A motion for leave to amend filed after the expiration of the corresponding deadline also

23 requires a showing of excusable neglect.  *See Branch Banking & Trust Co. v. DMSI, LLC*, 871

24 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3.  The excusable neglect analysis is

25 guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of

26 the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether

27 the movant acted in good faith.  *Branch Banking*, 871 F.3d at 765.  The party seeking amendment

28

1    bears the burden of establishing excusable neglect.  *See id.* (affirming finding of no excusable

2    neglect based upon the movant's failure to provide a sufficient showing).

3           When the movant establishes a sufficient basis for obtaining relief from the governing case

4    management deadline, courts then examine whether amendment is proper under the standards

5    outlined in Rule 15(a).  Rule 15(a) provides that "[t]he court should freely give leave [to amend]

6    when justice so requires," and there is a strong public policy in favor of permitting amendment.

7    *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  Rule 15(a) is to be applied with "extreme

8    liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per

9    curiam*).  Under Rule 15(a), courts consider various factors, including:  (1) bad faith; (2) undue

10   delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the

11   plaintiff has previously amended the complaint.  *See id.* at 1052.  Not all of these factors carry

12   equal weight and prejudice is the "touchstone."  *Id.*  Absent a showing of prejudice or a strong

13   showing of any of the remaining factors, there is a presumption that leave to amend should be

14   granted.  *Id.*  The party opposing the amendment bears the burden of showing why leave should

15   not be permitted under Rule 15(a).  *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338,

16   343 (D. Nev. 2022).

17          B.      Analysis

18          The Court begins with whether sufficient justification has been advanced to reopen and

19   extend the deadline to amend or add parties, which expired on April 11, 2023.  Docket No. 17.

20   There is no dispute that Plaintiffs first became aware of Haxxr at a deposition on November 30,

21   2023.  Docket No. 97 at 3.  Nonetheless, Defendants argue that Plaintiffs were not diligent

22   thereafter in bringing their motion for leave to amend.  *See, e.g.*, *id.* at 4.[2]  While it does appear

23   that Plaintiffs stretched the diligence standard with respect to the timing of the motion to amend,

24   the Court is not persuaded that the circumstances evidence a lack of diligence given the amount of

25   _____

26   [2] Defendants argue that they will be prejudiced by modifying the scheduling order to allow
     for the addition of Haxxr.  *See, e.g.*, Docket No. 97 at 4, 5.  Such an argument is puzzling given
     that Defendants agree that adding Haxxr as a party is warranted under Rule 15(a), which means
27   by implication that there is not a significant risk of prejudice in doing so.  *See Eminence Capital*,
     316 F.3d at 1052.  At any rate, the Court is not persuaded that Defendants made a sufficient
28   showing of prejudice to avoid modification of the case management schedule.

time at issue and the existence of conferral efforts aimed at obtaining this relief by stipulation, which seem to have been sidetracked by disputes concerning preexisting allegations from the earlier pleadings.[3]  *See* Docket No. 72 at 4; *see also* Docket No. 100 at 308-10 (letter from defense counsel indicating that "we are amenable to stipulating to the same and waiving service as to Haxxr as a courtesy to you, provided you are willing to correct those allegations which have been disproven through discovery in this case such that Plaintiffs are not re-pleading factually unsupported claims").  In short, good cause and excusable neglect exist to modify the case management schedule with respect to adding Haxxr as a defendant.

Having decided that relief from the case management schedule is warranted, the Court turns to the Rule 15 analysis.  As a threshold matter, Defendants consent to adding Haxxr as a defendant, *e.g.*, Docket No. 94 at 2, so that aspect of the motion can be granted as unopposed, *see, e.g.*, Local Rule 7-2(d).  On the other hand, Defendants argue that leave to amend should be denied as to certain preexisting factual allegations that the second amended complaint carries over from earlier pleadings.  *See, e.g.*, Docket No. 94 at 2-3, 12-15.  This argument is unconvincing for a number of reasons.  At the most basic level, Plaintiffs are not seeking leave to amend to add these particular allegations because they are already part of the earlier pleadings,[4] and Defendants fail to sufficiently explain why the Rule 15(a) standards would be applied to preexisting allegations. Moreover, futility is generally not grounds to deny leave to amend because such arguments are often better addressed through dispositive motion practice.  *Underwood*, 342 F.R.D. at 346-47.[5]

---

[3] Plaintiffs explain that it appears Defendants improperly failed to disclose Haxxr much earlier in the case, *see, e.g.*, Docket No. 100-2 at 3 (citing Docket No. 13), and it would seem inequitable to hold Plaintiffs to an overly stringent application of the diligence standard when Defendants themselves appear to have dropped the ball in identifying Haxxr.

[4] By way of example, Defendants challenge the factual allegations that Plaintiffs were able to procure a ready, willing, and able buyer to purchase the subject IP block. *See, e.g.*, Docket No. 94 at 9.  Such factual allegations also appear in the first amended complaint that was filed almost two years ago.  *See, e.g.*, Docket No. 101 at 279.

[5] The Court is not persuaded that Defendants are prejudiced by addressing these allegations in summary judgment motion practice, which is the ordinary course for challenging the evidentiary support for factual allegations.

1  In short, Defendants have not met their burden of showing leave to amend should be denied under

2  Rule 15(a).[6]

3     Accordingly, Plaintiffs' motion for leave to amend is **GRANTED**.[7]  Plaintiffs must

4  promptly file their second amended complaint on the docket.  *See* Local Rule 15-1(b).  Formal

5  service of the second amended complaint on Haxxr appears unnecessary because defense counsel

6  previously agreed to accept service on Haxxr's behalf.  *See* Docket No. 100 at 308.

7  **II.     MOTION TO STRIKE**

8     Defendants seek to strike insurance-related allegations within in the second amended

9  complaint that were also included in the earlier pleadings.  Docket No. 95 at 3, 10, 15; *see also*

10  Docket No. 98 at 2-3.

11     A complaint is meant to provide a defendant with "fair notice" of the claims brought and

12  the grounds on which they are premised.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  "Modern

13  litigation is too protracted and expensive for the litigants and the court to expend time and effort

14  pruning or polishing the pleadings."  5C Charles Alan Wright & Arthur R. Miller, FEDERAL

15  PRACTICE AND PROCEDURE § 1382, at p. 458 (2020 Supp.).  The federal case reporters abound with

16  pronouncements that motions to strike are highly disfavored, *e.g.*, *Petrie v. Elec. Game Card, Inc.*,

17

18  [6] There is some uncertainty as to whether discovery should be reopened in response to the addition of Haxxr as a defendant.  For their part, Plaintiffs indicate that adding Haxxr will not "require any substantial discovery," Docket No. 100-1 at 5, and the Court is mindful that Haxxr

19  will have the benefit of any discovery completed to date, *see* Local Rule 26-5.  Defendants are not entirely consistent on this issue.  At some points, Defendants minimize the change to litigation

20  being made in exclaiming that "[t]he proposed amended complaint did not significantly modify the allegations; in fact, the only changes are to paragraphs 7-9 of the complaint which introduce

21  Haxxr as a defendant," Docket No. 97 at 4, which would seem to suggest that significant discovery would be unnecessary.  Nonetheless, Defendants elsewhere argue that "Defendants will not have

22  time to mount any defense of such allegations," *id.*, and that the defense has been prevented sufficient time during the discovery period to address the allegations, *id.* at 5.  For purposes of this

23  order, the Court finds that adding Haxxr is warranted even if doing so would require allowing a short period for additional discovery.  Given the muddled record and the fact that Haxxr has not

24  yet responded to the second amended complaint, the Court declines to weigh in conclusively on whether reopening discovery is necessary or the length of such additional discovery period.  If any

25  party believes discovery should be reopened to account for the ruling made herein, they must file a proper request seeking such relief.

26

27  [7] In reply, Plaintiffs seek the imposition of sanctions against Defendants.  Docket No. 100-2 at 8-9.  The Court declines to address this request as it was improperly filed, *see, e.g.*, Local Rule IC 2-2(b), and is not supported by points and authorities, *see, e.g.*, Local Rule 7-2(d); *Kor Media*

28  *Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

1  761 F.3d 959, 965 (9th Cir. 2014), rarely granted, *e.g.*, *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059,

2  1063 (8th Cir. 2000), and viewed as "time-wasters," *e.g.*, *Gaines v. AT&T Mobility Servs., LLC*,

3  424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019).  Courts will not grant a motion to strike "unless it is

4  clear that the matter to be stricken could not have any possible bearing on the subject matter of the

5  litigation." *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010).

6  "[I]f there is any doubt as to whether under any contingency the matter may raise an issue, the

7  motion may be denied." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d

8  1222, 1234 (D. Nev. 2006).  Given the disfavored nature of motions to strike, courts routinely

9  require a showing of actual prejudice before striking material from a pleading.  *See, e.g.*,

10  *Roadhouse v. Las Vegas Metro. Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013).

11      Here, Defendants ask the Court to strike references to "insurance" as being immaterial.

12  Docket No. 95 at 15.[8]  While Defendants contend that these allegations have not been supported

13  by disclosures or discovery, Defendants have failed to satisfy the threshold requirement of showing

14  that they are prejudiced by allowing the allegations to remain within the pleadings.

15      Accordingly, Defendants' motion to strike is **DENIED**.

16  **III.    MOTION FOR SANCTIONS**

17      Defendants seek an award of sanctions, arguing that the second amended complaint

18  continues to include factual allegations that Defendants contend are not supported by the evidence.

19  *See, e.g.*, Docket No. 96 at 4, 15-18; Docket No. 99 at 3-5.[9]  Requests for sanctions as to the

20  supportability of the pleadings are not substitutes for motions for summary judgment and are

21  generally deferred until after the conclusion of the case.  *See PlayUp, Inc. v. Mintas*, 2023 WL

22  1771128, at *1 (D. Nev. Jan. 20, 2023) (collecting cases in the Rule 11 context); *see also, e.g.*,

23  *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 686 F. Supp. 1319, 1350-51 (N.D. Ill. 1988) (same

24  for request for § 1927 sanctions regarding the allegations in original and amended pleadings).

25

26  [8] The motion also indicates that these allegations are "irrelevant," Docket No. 95 at 15, but Rule 12(f) does not enumerate irrelevance as a basis for striking.

27  [9] Defendants seek sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.
28  *See* Docket No. 94 at 15-18.  Defendants also argue that the scenario constitutes a Rule 11 violation, but they did not move on that ground given the safe harbor provision.  *See id.* at 4 n.4.

Indeed, the cases from this District on which Defendants rely arose in the post-judgment context. *See Lall v. Corner Invs. Co.*, 2023 WL 6197334, at *1 (D. Nev. Sept. 21, 2023) (noting that the sanction requests were "post-judgment motions"); *Salley v. Truckee Meadows Water Auth.*, 2015 WL 1414038 (D. Nev. Mar. 27, 2015); *see also id.*, Case No. 3:12-cv-00306-RCJ-WGC, Docket No. 48 at 6 (D. Nev. Oct. 30, 2013) (entering judgment and closing the case).[10]  The Court has been provided insufficient justification to wade into these types of factual issues before motions for summary judgment have been filed.  Accordingly, Defendants' motion for sanctions is **DENIED** without prejudice.

## IV.    CONCLUSION

In light of the above, the Court hereby **ORDERS** as follows:

- Plaintiffs' motion for leave to amend (Docket No. 100) is **GRANTED**.  Plaintiffs must promptly file their second amended complaint on the docket.  *See* Local Rule 15-1(b).

- Defendants' motion to strike (Docket No. 95) is **DENIED**.

- Defendants' motion for sanctions (Docket No. 96) is **DENIED** without prejudice.

- In light of the above, the Court **EXTENDS** the deadline to file dispositive motions to November 4, 2024, and the deadline to file the joint proposed pretrial order to December 4, 2024 (or 30 days after resolution of dispositive motions).

IT IS SO ORDERED.

Dated: September 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[10] *Pappas v. Experian Information Solutions* also arose in the post-judgment context.  2017 WL 3052978, at *1 (N.D. Ill. July 13, 2017).